## Town of Longmont v. Parker.

Highways — Abutting Owners.— Where a land-owner has no fee in the land occupied as a highway, but his land abuts on it, and he has rights therein not shared in common with the general public for purposes of travel and use, a person using or appropriating such

highway or a portion of it for other and different purposes than the one contemplated, whereby the highway is obstructed and impaired as a means of ingress and egress, is liable to the abutting owner for any consequential damages arising from such appropriation and use depreciating the value of the property.

*Appeal from District Court of Boulder County.*

ACTION by Edward Parker against the town of Longmont to recover damages for the depreciation of property by the excavation of a ditch in the highway upon which the property abutted. There was a verdict and judgment for plaintiff, and defendant appeals.

Messrs. F. B. SECOR and B. L. CARR, for appellant.

Messrs. KINNE & WOY, for appellee.

REED, C. Parker, the appellee, plaintiff below, claimed to be the owner of a five-acre tract of land near the town of Longmont. Upon the trial no direct proof of ownership of Parker was offered, but no objection was made on account of the kind of proof offered and admitted, and the ownership will be regarded as conceded by appellant on the trial. Plaintiff had a brick house and some other improvements on his land near the west line of the lot, and resided in it. The lot abutted upon the east line of the public highway, sixty feet in width. The house was about twenty-five feet from the line of the road. The defendant was a municipal corporation. In the spring of 1885, some time after the occupation of plaintiff commenced, and after the erection of the house and buildings, the defendant excavated a ditch, for the purpose of supplying the town with water, in the highway in front of the residence of plaintiff, on the west side of the highway; the distance from the line of plaintiff's lot to the bank of the ditch being about forty-nine feet. Directly in front of the premises of plaintiff the ditch, at its greatest width, was from fourteen to seventeen feet, and its depth about six feet or more. Plaintiff's

land abutted upon the highway, no part of which had
been his property; the party from whom he acquired
title having dedicated the land in the highway to public
use previous to the sale of the land to plaintiff.

Plaintiff brought this suit to recover damages to his
property by the constructing and maintaining the ditch.
It is assigned for error that the court overruled the de-
murrer to the complaint.  On examination, we do not
think the grounds of demurrer well taken, or that the
court erred in the judgment upon it.  It is unnecessary
for an understanding of the case that the pleadings be
set out in full.  It is sufficient to say that the issue pre-
sented for trial was whether the plaintiff's property had
or had not been damaged by the excavation and exist-
ence of the ditch.

The case was tried to a jury.  The evidence was con-
flicting.  Several witnesses testified to damage, varying
in amount from $300 to $500; but their evidence in re-
gard to the manner of arriving at the amount of dam-
age and the elements of damage going to make up the
aggregate was quite vague and indefinite.  About an
equal number of witnesses testified that in their opinion
there was no damage.  It was in evidence that the earth
taken out in excavating the ditch was deposited in the
road in front of the premises of plaintiff; a part of it had
been removed by the defendant a short distance, and
used in grading the road in front of plaintiff's property;
and that this left the road higher in places than the ad-
joining land of plaintiff.  The verdict was found for the
plaintiff for $150, and judgment entered upon the ver-
dict.

Considerable latitude was allowed and indulged in in
the way of proof upon the trial, and some very remote
and novel elements of damage introduced, but no objec-
tion appears to have been made or exceptions taken.  No
exception was taken and no error assigned upon the in-
structions given.  Taken as a whole, they substantially
submitted the question of damage, and the law in this

state, as announced in *City of Denver v. Bayer*, 7 Colo. 113, where section 15 of article 2 of the state constitution ("that private property shall not be taken or damaged for public or private use without just compensation") is carefully considered and applied; and where it was held that in a case like the present, where the landowner had no fee in the land occupied as a highway, but his land abutted upon· it, and he had rights therein not shared in common with the general public for purposes of travel and use, a party using or appropriating such highway, or a portion of it, for other and different purposes than the one contemplated, whereby the highway was obstructed and impaired as a means of ingress and egress, would be liable to the abutting land-owner for any consequential damages arising from such appropriation and use depreciating the value of the property. This application of the constitutional prohibition is well sustained by many authorities, particularly by the construction given by the English courts to the "land clauses consolidation act" and "railway clauses consolidation act" of 1845 (8 Vict. chs. 18, 20). In those cases the words used are "*injuriously affected*," which are certainly in meaning and intention the same as the word "damaged" in our constitution. In those cases it has invariably been held that abutting owners, under circumstances like those presented in this case, could recover consequential damages to the extent of the lessened value of the property.

The case of *Beckett v. Railway Co.*, L. R. 3 C. P. 82, was tried before Cockburn, C. J. (1867). In that case the street by an embankment was narrowed from fifty to thirty-three feet opposite the property of the plaintiff, and upon the trial it was left to the jury to say from the evidence "whether there had been any diminution in the value of·the plaintiff's house by reason of the constructing of the road in front of it." Upon review, in the opinion of Bovill, C. J., the instruction was held to be correct, and it was said: "Now, the question arises

whether the plaintiff's house in the case was 'injuriously affected,' * * * and whether there is damage sustained by the plaintiff," etc. Here it will be observed that the words "injuriously affected" are treated as synonymous with "damage," the word used in the constitution. Some states, notably Pennsylvania, have given provisions similar to that in our constitution a construction different from that given by this court. The language in section 8, article 16, of the constitution of Pennsylvania, is, "shall make just compensation for property taken, injured or destroyed."

In *Railroad Co. v. Lippincott*, 116 Pa. St. 472, it was held that a depreciation of property, by reason of the construction and operation of a railroad upon the lands of the company, was not an injury for which any damages could be recovered. But for the protection of individual rights, and as being more in harmony with the principles of the common law, we think the construction of this court and those of England better and more consonant with reason.

Under the decisions of this court, the questions for the jury to determine from the evidence were whether the plaintiff suffered damages different in kind from those suffered by the general public, and whether the property of the plaintiff had been lessened in value by the acts of the defendant.

It cannot be said, under the evidence, that the verdict was excessive. It was midway between nothing, as fixed by defendant's witnesses, and $300, the lowest estimate of witnesses for plaintiff. There having been no serious error in the admission of the testimony or charge by the court, the judgment should be affirmed.

Pattison, C., concurs.  Richmond, C., dissents.

Per Curiam. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*