GOARD, PLAINTIFF IN ERROR, v. GUNN, INTERVENOR,
DEFENDANT IN ERROR.

SALE OF CHATTELS WITHOUT CHANGE OF POSSESSION, VOID.
The intervenor was a purchaser of the goods attached, but the sale was
    not followed by an open, notorious and unequivocal change of pos-
    session; *held*, that as against the creditor of the vendor, the title of
    the intervenor could not be sustained.

*Error to the County Court of Chaffee County.*

Mr. HENRY J. SWAN, for plaintiff in error.

No appearance for defendant in error.

REED, J.   It appears that one Arthur Gunn bought out
the saloon of plaintiff in error in the town of Salida, paying
a part, and leaving the sum of $120 unpaid.   Suit was brought
to collect the amount.   An attachment issued and levied up-
on the goods, stock and fixtures of the saloon as the prop-
erty of Arthur Gunn.   E. M. Gunn intervened, claiming to
be the owner.   A trial was had before a justice of the peace
and a jury—verdict and judgment sustaining the attach-
ment; an appeal taken to the county court, trial to the judge
without a jury, and finding for the intervenor.   The correct-
ness of such finding is the only question to be determined.

The judgment must be reversed.   The whole transaction,
and all the facts as established by the evidence of both par-
ties, show collusion, and after the alleged purchase of E. M.
Gunn, a mixed condition of affairs, very suggestive at least
of want of *bona fides*, and presence of fraud.   Prior to the
pretended sale Arthur was acting as proprietor and his
brother, E. M., as barkeeper.   After the pretended sale it was
claimed E. M. was proprietor and Arthur the barkeeper.

E. M. Gunn testified: "I took charge of the saloon on

March 10, 1889. We had a bill of sale drawn and signed, which was delivered to me on March 22d."

Arthur Gunn testified: "I bought of Goard about the 12th day of February, 1889. I gave Goard my note for $120, due the first of May as part pay for the saloon. I sold out to my brother, E. M. Gunn, on the 10th of March, 1889. I gave him a bill of sale." Neither party testifies to any consideration having passed or that any was to be paid.

It is shown by all the evidence in the case that no change was made, and that there was no observable evidence of change of ownership; that persons doing business with them and frequenters of the place had no knowledge of any change of proprietors. It will be observed too that the pretended sale followed very rapidly on the heels of the purchase from Goard—hardly a month had elapsed. This is not conclusive of fraud, but a circumstance to be considered in connection with other facts. There was no such open, notorious and unequivocal change of possession as required by law to sustain the title of E. M. Gunn.

Authorities upon this well established and recognized rule of law seem unnecessary. They are abundant in our own court. See *Bassinger v. Spangler*, 9 Colo. 175; *Cook v. Mann*, 6 Colo. 21; *Wilcox v. Jackson*, 7 Colo. 526; *Baur v. Beall*, 14 Colo. 383.

The court erred in finding for the appellee (intervenor). The judgment must be reversed and cause remanded.

*Reversed.*