<hr/>

### CITY OF PUEBLO v. STRAIT.

1. MUNICIPAL CORPORATIONS—DAMNUM ABSQUE INJURIA.

A city is not liable in damages to an abutting owner for injuries resulting from reasonable and ordinary or usual change and improvement of the street, made in a careful and skillful manner, for the benefit of the public.

2. SAME.

The doctrine of *damnum absque injuria* does not apply where the municipal authorities have made an unreasonable change in the street, or put it or allowed it to be put to an extraordinary or unusual use.

3. SAME.

The plaintiff is entitled to recover in this class of actions in cases where

the damages suffered are different in kind from those suffered by the general public, but it is otherwise, with respect to damages, common to all. When damages are occasioned an abutting owner by an improvement in the street in front of his property, whereby ingress and egress to the premises is injuriously affected, the injury is not one common to the general public and he may recover therefor.

4. VIADUCT—DAMAGES RESULTING FROM.

The building of a viaduct in a public street of a municipal corporation is such an extraordinary use of the street as will entitle the owner of abutting property to damages, when the means of ingress and egress to his property is obstructed or impaired thereby.

*Appeal from the District Court of Pueblo County.*

IT is alleged in the complaint:

" That on the 14th day of March, 1890, plaintiff was and still is the owner of lots 1 and 2 in block 79 in the former city of South Pueblo, now part of the city of Pueblo, said lots being situate at the corner of ' C ' and Mechanic streets, and having a frontage of 140 feet on the former and 50 feet on the latter street ; that said lots were improved with valuable buildings, and prior to the grievance complained of, said property was valuable and desirable for business purposes, and readily rented for such purposes.

" That the defendant is a municipal corporation.

" That on or about the 14th day of March, 1890, the city council of Pueblo duly passed and adopted an ordinance entitled ' An ordinance providing for the construction of an iron viaduct or steel viaduct upon C street in the city of Pueblo, and for granting certain easements and rights to the Denver and Rio Grande Railroad Company." (Here follows the ordinance in full.)

" That in pursuance of said ordinance the building of said viaduct has been begun and is now being prosecuted by authority of the defendant, and that by reason of its height and proximity to the said property of plaintiff, abutting on C street, the aforesaid buildings are and will be greatly darkened and shut out from the natural light, the free circulation of air, natural to said property, materially obstructed and di-

minished, and that the approaches to said property are and will be greatly obstructed and hindered; that said viaduct and approaches thereto are being built and will be maintained directly in front of plaintiff's property, whereby the same has been and will be greatly injured and damaged and the market value thereof reduced and impaired."

"That in consequence of the wrongs and injuries complained of, the plaintiff has sustained damages in the sum of $8,000." Prayer for judgment.

To this complaint a demurrer was filed and overruled. Afterwards an answer and amended answer were filed. The first, second and third defenses set up in the amended answer were stricken out on motion. As no error has been assigned to any of the foregoing matters these defenses will be omitted. The fourth defense reads as follows:

"That it (the defendant) admits that it is a municipal corporation as alleged in plaintiff's complaint; that the C street mentioned in the complaint is a public street in the city of Pueblo, extending from the eastern to the western limits thereof. That the Mechanic and Plum streets mentioned in said complaint are public streets in said city, crossing said C street at right angles, and lying parallel to and distant from each other about twelve hundred feet; that the portion of said C street between said Mechanic and Plum streets is crossed by a large number of railroad tracks which, long prior to the construction of said viaduct, at the time thereof, and now, were and are constantly used by the Denver and Rio Grande and other railroad companies in the prosecution of their business; that prior to the construction of said viaduct, by the frequent passing and repassing of the engines, cars and trains of said companies over and across said portion of C street, public travel along said C street between said Mechanic and Plum streets was greatly hindered, impeded and rendered dangerous; that in order to make public travel over and along said portion of C street safe and convenient, it became and was necessary for the defendant to erect the viaduct mentioned and described in

the complaint; that said viaduct was carefully and properly constructed; that both it and its approaches were built wholly within the lines of public streets in said city of Pueblo, and without physical invasion or injury to the property described in the complaint as the property of the plaintiff. .That the construction of said viaduct was both lawful and necessary, and was a reasonable and proper improvement and change of said portion of C street and Mechanic street adjacent thereto. Wherefore defendant, not admitting that plaintiff has sustained the damage complained of, says, that if the plaintiff's property has been injured as alleged, by the construction of said viaduct, this defendant is not liable therefor.

" And for a fifth defense, defendant admits that it is a municipal corporation; admits plaintiff's ownership of the property described; admits the passage of the ordinances set forth in the complaint, and the construction of the viaduct pursuant to the ordinance. Denies that by the construction thereof the plaintiff's property is injured as complained of or at all; denies that plaintiff has sustained damage thereby in the sum of $8,000 or in any sum whatever."

The fourth defense was also stricken out upon motion of plaintiff. A jury was thereafter impaneled to determine the issues raised by the complaint to the fifth defense. The only question submitted to the jury was upon the question of damages. The jury returned a verdict in favor of the plaintiff for $3,000. A motion for a new trial having been interposed and overruled, the cause was brought into this court by appeal.

Mr. A. M. NICHOLAS and Messrs. DIXON & DIXON, for appellant.

Mr. CHARLES E. GAST, for appellee.

Messrs. ARRINGTON & McALINEY, Messrs. URMY & CRANE and Mr. J. J. McFEELEY, *amici curiæ.*

CHIEF JUSTICE HAYT delivered the opinion of the court.

The question presented by this record may be stated as follows : Is a municipal corporation liable in damages for an injury to abutting property occasioned by the building of a viaduct in a public street over railroad tracks? The evidence in this case shows that plaintiff's property is located on the corner of C and Mechanic streets in the city of Pueblo; that it was improved and valuable for business purposes prior to the erection of the viaduct; that this viaduct was elevated eight feet above the old sidewalk at one end of plaintiff's property and twenty-two feet at the other, and that by reason thereof the property was closed to access by teams from either C or Mechanic streets; that by the construction of the viaduct the property was rendered practically inaccessible, except from an alley in the rear.

That the property was damaged by the erection of the viaduct is shown by the uncontradicted evidence introduced at the trial. It is claimed by appellant that the viaduct is a necessary street improvement, and that the injury complained of is not actionable, while the appellee contends that, the injury being conceded or proven, a right of recovery is guaranteed by the following provision of our state constitution : " Private property shall not be taken or damaged, for public or private use, without just compensation." Sec. 15, art. 2.

This provision of the fundamental law has received consideration from this court in a number of cases. The result of these cases may be fairly summarized as follows : For injuries resulting from reasonable and ordinary or usual change and improvement of the street by the municipality, the abutting owner cannot recover, provided the change or improvement is made in a careful and skillful manner for the benefit of the public. *City of Denver v. Bayer*, 7 Colo. 113; *City of Denver v. Vernia*, 8 Colo. 399; *Denver Circle R. Co. v. Nestor*, 10 Colo. 403; *Denver & S. F. R. Co. v. Domke*, 11 Colo. 247; *Gilbert v. G. S. L. & P. R. Co.*, 13 Colo. 501

The doctrine of *damnum absque injuria* has not, however, been applied where the municipal authorities have made an unreasonable change in the street, or put it, or allowed it to be put, to an extraordinary or unusual use. See, in addition to the cases above cited, *Jackson v. Kiel*, 13 Colo. 378; *Town of Longmont v. Parker*, 14 Colo. 386.

The insertion of the word "damaged" in addition to the word "taken," first appears in the amended constitution of Illinois adopted in 1870. It has since been incorporated into the constitutions of West Virginia, Pennsylvania, Arkansas, Missouri, Alabama, Nebraska, Texas, Georgia, California, Colorado, Kentucky, Montana and the Dakotas. In a majority, if not all of these states, except Colorado, where a construction has been had, the courts have given the provision a literal interpretation, allowing a recovery in all cases where private property has sustained substantial damage by the making of a public improvement. We shall not undertake to cite the cases supporting this conclusion, as the number forbids it. Reference to a majority of such cases may be found in the recent case of *Brown v. City of Seattle* (Wash.), 31 Pac. Rep. 313. In that case after review of the authorities the conclusion is stated as follows:

" Every court in which the point has been raised has decided in favor of the private citizen, but, were it now presented to us for the first time in the history of the phrase, we should not be disposed to view it in any way different from that expressed in the cases we have cited. If private property is damaged for the public benefit, the public should make good the loss to the individual. Such always was the equity of the case and the constitution makes the hitherto disregarded equity now the law of it."

*The City of Denver v. Bayer*, *supra*, is the leading case in this state upon the question. Although the right of recovery was somewhat restricted from the rule announced in Illinois and some other states, it was expressly held that the word damaged was inserted in the constitution for a purpose, which purpose was to add an additional right of action.

In Colorado the right of recovery has been limited to those unusual uses to which but few streets are subjected. This construction has been influenced to some extent no doubt by the peculiar wording of our constitution under which just compensation is also required where private property is damaged for *private use.* This novel provision is relied upon by the writer of the opinion in the *Bayer Case,* Mr. Justice Helm, in the *Nestor Case* in 10 Colorado, at pages 424 and 425, as a ground for qualifying the rule announced in other states. The opinion concludes as follows:

" A distinction was, in my judgment, intended between those uses to which *every* street is primarily and necessarily dedicated, and those extraordinary uses which are tolerated in but very few, probably not more than one in a hundred, of the many streets required for its convenience by the local public."

The court as then constituted, while expressly refusing to extend the recovery in accordance with the rule in Illinois and a few other states in which the provision had at that time received judicial consideration, was of opinion that it was a recognition of a new right of action not necessarily known to the common law. And this principle has been recognized since in several of the cases cited.

In the *Bayer Case* a right of recovery was recognized for any injury or annoyance occasioned by a railroad to an abutting property owner, injuriously affecting his property without injuring that of his neighbor, and it was held that the owner of property abutting on a street had a special property—an easement in the street not common to the general public, that entitled him to free ingress and egress from the street to his property, and that if such easement was taken away or injuriously affected he was entitled to just compensation therefor.

In the case of *Jackson v. Kiel, supra,* a railroad company was held liable for damages occasioned by blockading the space or intersection with another street, thereby preventing

ingress and egress to plaintiff's property for a considerable portion of the time..

In *Town v. Parker, supra,* it was decided that the owner of abutting property had rights in the street not shared by the general public, and that if the highway was obstructed or impaired as a means of ingress and egress to his property, the abutting owner was entitled to recovery for the depreciation of the value of his property occasioned thereby. See also, *U. P. R. Co. v. Foley,* 19 Colo. 280.

Under these decisions, the plaintiff is entitled to recovery in this class of actions in cases where the damages suffered are different in kind from those suffered by the general public, while a recovery is denied for those damages common to all. And *when damages are occasioned an abutting owner by an improvement in the street in front of his property, whereby ingress and egress to the premises is injuriously affected, this is a kind of injury not common to the general public.*

By the fourth defense it is alleged in substance, that the viaduct was a reasonable and proper street improvement, and it is claimed that this constituted a complete defense to plaintiff's action. This claim is not supported by the decided cases in jurisdictions having a constitutional provision similar to the one under consideration.

In the case of *Rigney v. The City of Chicago,* 102 Ill. 64, like arguments were advanced to those urged by appellant. The conclusion was that the building of a viaduct in a public street by the city rendered the city liable in damages to the owner of abutting property, where the effect was an impairment of some right which the private owner enjoyed in connection therewith ; such, for instance, as the right of ingress to and egress from the same. Although the result was concurred in by only a bare majority of the court it has since been recognized as the settled law in the state of Illinois.

In *Chicago v. Taylor,* 125 U. S. 161, also a viaduct case, the supreme court of the United States reached a similar conclusion without a dissent. Although this result may have been influenced by the prior decisions of the state court, the

opinion declares that the constitutional provision could have been inserted with no other intention than that expressed by the state court.

The case of *Selden et al. v. City of Jacksonville*, 28 Florida, 558, is not necessarily opposed to the foregoing views, the decision in that case being based upon a constitutional guaranty that private property shall not be " taken " or " appropriated " without compensation. It was held that this provision did not embrace mere consequential damages resulting to property abutting on a street, from a change of grade of the street or other improvement thereof made by municipal authorities acting within the scope of their charter powers, but only to a trespass upon or physical invasion of the property.

It is not necessary to question the correctness of the foregoing decision, based as it is upon a dissimilar constitutional provision from that here in force. It is not controlling under the peculiar provisions of our constitution. Moreover, it narrows the right of recovery within limits not universally recognized, even where constitutional provisions are in force similar to that found in the state of Florida. *Spencer v. Metropolitan St. Ry. Co.*, (Mo.) 23 S. W. Rep. 126.

A strict application of this rule would hold the dedicator as having consented to an use of the street that totally destroys the value of his property, although no human foresight could have anticipated such an unusual use. Under it the results of a life of toil and frugality, if invested in town or city property as a provision for old age or dependent families, might be lost as a result of an improvement erected for the benefit of the general public. The rule is certainly more reasonable and just which requires compensation to be made by the municipality out of the common fund, for an injury occasioned by an improvement for the public convenience, than to require the individual to suffer the entire loss.

Moreover, the constitutional provision in force in this state is remedial in character and for the purpose of giving property holders additional security, and under well settled canons

of construction it should be liberally construed.   *D. C. R. Co. v. Nestor, supra; Boyd v. U. S.,* 116 U. S. 616.

We think the building of a viaduct in a public street is such an extraordinary use of the street as could not have been reasonably anticipated at the time of the dedication. And under constitutions like ours, both principle and authority unite in support of the rule allowing the owner of abutting property to recover damages when the means of ingress and egress to his property is obstructed or injured thereby.

It follows that the facts alleged as a fourth defense constituted no defense to plaintiff's action, and the defense was therefore properly stricken out.   Nothing remained for the jury to determine but the amount of the damages.   It is not claimed that the damages allowed are excessive, and the judgment is accordingly affirmed.

*Affirmed.*