[No. 8039.]

DENVER & RIO GRANDE RAILROAD COMPANY V. STINEMEYER.

1. PLEADINGS—*Amendment—New Cause of Action.* To determine whether a new cause of action is stated in an amended complaint all former pleadings may be considered. (399.)

An amendment perfecting the statement of the cause of action set up in the original complaint, by the addition of essential averments, is not the presentation of a new cause of action. (398.)

Plaintiff may set up in a second amended complaint any causes of action attempted to be stated in the original complaint, though omitted in the first amendment. (398, 399.)

2. —— *Amendment During Trial.* Action for an injury to plaintiff's premises by the construction and operation of a railway in an alley, upon which, at the rear, plaintiff's premises abutted. The second count of the

complaint demanded damages for the depreciation of plaintiff's property, but failed to allege the dedication of the alley. But this was alleged in the first count, and a mass of testimony had been received, mostly without objection, as to the existence of the alley. It being apparent that the omission was an oversight, and no application having been made by defendant to produce further testimony, it was *held* that to allow, during the final argument, an amendment of the second count alleging the dedication, long use by plaintiff, and that the alley afforded his only means of access to the rear of his premises, was held not prejudicial to defendant. (400.)

3.   HIGHWAYS—*Obstruction—Action by Abutter.*  A land owner is entitled to an action for the unlawful construction and operation of a railway, in a public alley upon which his premises abut. *Harrison v. Denver Tramway Co.,* 50 Colo. 593, distinguished. (400, 401.)

*Error to Fremont District Court.* Hon. CHARLES A. WILKIN, Judge.

Mr. E. N. CLARK, Mr. CHARLES E. WALDO, Mr. JAMES A. STUMP, Mr. WILLIAM B. WALDO, Mr. A. J. CUNNINGHAM, for plaintiff in error.

Mr. A. L. JEFFREY, Mr. EDWIN H. STINEMEYER, for defendant in error.

HILL, J., delivered the opinion of the court.

The defendant in error recovered judgment for damages to his property consisting of real estate in Canon City, with a residence, barn, and other improvements thereon. These damages are alleged to have been caused by the construction and operation, by the plaintiff in error, of a railroad switch, or sidetrack, which it is alleged runs across, and in and upon that portion of a public alley at the rear of the plaintiff's lots and adjacent thereto. Trial was to the court.

It is claimed that the second amended complaint states a new cause of action, not proper by way of amendment, and that the court erred in refusing to strike it. The original complaint sought to include all items of damages in one count. The defendant interposed a motion, which was sustained, to require the plaintiff to state separately his causes

of action. The first amended complaint attempted to put them in two counts. The defendant filed its motion thereto, which, among other things, requested that the first cause of action therein be stricken for the reason that it arises exclusively out of facts which are alleged to have occurred after the commencement of the action, and is the introduction of a new cause of action by way of an amendment. This portion of the motion was sustained and the plaintiff given leave to amend again. The second amended complaint comprises four causes of action. As no judgment was rendered upon the fourth, we need give it no attention. The first, is for damages for the construction of this road in the alley, which, it alleged, prevents the use of said alley for the purposes for which it was dedicated and laid out, and deprives the plaintiff of any and all means of access to and from his premises by the use of the alley. The second, is for the depreciation in the value of the premises, occasioned by the construction of said track, and the operation of the cars thereon, etc. The third, is for damages to the plaintiff's barn on said lots, which it is alleged was knocked apart, partly torn down, and otherwise damaged, by the defendant company, in the construction and operation of said track. These matters were all attempted to be included in the original complaint, upon which summons was issued by which this defendant was brought into court, and whether good or bad, as therein attempted to be plead, their statement in detail in the second amended complaint did not change the cause of action from the one first instituted. Perfecting the statement of the original cause of action by the addition of essential averments, is not pleading a new cause of action. *California Ins. Co. v. Gracey*, 15 Colo. 70, 24 Pac. 577, 22 Am. St. 376; *Tribune Pub. Co. v. Hamill*, 2 Colo. App. 237, 30 Pac. 137.

It is urged, however, that the plaintiff, in his first amended complaint, attempted to set up a new cause of action, and did not attempt to include certain causes of

action attempted to be set forth in his first complaint, for which reason he must be assumed to have abandoned them, and therefore, although his first amended complaint was held bad, he could not again assert them in a second amended complaint. Numerous authorities are cited which it is claimed disclose that when an amended complaint is filed, it necessarily takes the place of all prior complaints, and becomes the sole statement of the cause of action. We have no contention with these authorities, but when, upon motion of the defendant, an amended complaint is stricken, and when, as in this case, it seeks to recover the same items of damages, although including other acts account of which it is alleged the plaintiff is entitled to them, we cannot agree that because the plaintiff has not included in it all the averments in his original complaint, but does include them in a second amended complaint, that he must be held to have abandoned his original cause of action, when there is no contention that there is any cause of action set forth in the second amended complaint which was not attempted to be included in the first complaint. In order to determine whether a new cause of action has been stated, all former pleadings may be considered for the purposes of comparison. *Anthony v. Slayden,* 27 Colo. 144, 60 Pac. 826.

It is claimed the court erred in permitting the plaintiff to amend his second cause of action during the closing argument for the defendant in error. This count was for the depreciation in the value of the plaintiff's property, caused by the construction of said track, and the operation of the cars thereon, etc. As this pleading then stood, among other things, it alleged the construction of this sidetrack, giving its general location and continued use thereafter. It also alleged "that said sidetrack was so constructed as to extend across said alley where the same adjoins the plaintiff's said premises * * * and along and upon said alley, to the westerly side of said block 5," but it failed to allege that the land at the rear of said lot, adjoining it, was dedicated

to the public for an alley, etc., had thus been used by the plaintiff, and that it was the only means save and except the street in front of the premises whereby ingress and egress could be had to said premises. It was these allegations which the court allowed to be added during the argument. We find no error in this respect. The allegation as to this being a public alley was contained in the first cause of action, and the great mass of the testimony was upon the question of whether there was a public alley at this point, the most of which had gone in without objections, and it is quite evident that its omission in this count was merely an oversight. Under such circumstances when the defendant made no request for time or to be allowed to introduce further testimony, its insertion did not in any respect tend to prejudice its rights and was properly allowed. *Ft. Collins Dev. Ry. Co. v. France,* 41 Colo. 512, 92 Pac. 953; *Lebanon M. Co. v. Con. Rep. M. Co.,* 6 Colo. 371; *Saint v. Guerrerio,* 17 Colo. 448, 30 Pac. 335, 31 Am. St. Rep. 320; *Davis v. Johnson,* 4 Colo. App. 545, 36 Pac. 887; *Johnson v. Johnson,* 30 Colo. 402, 70 Pac. 692; *Jordan v. Greig,* 33 Colo. 360, 80 Pac. 1045.

It is also urged that, with the amendment in it, the second count fails to state a cause of action. *Harrison v. Denver Tramway Co.,* 54 Colo. 593, 131 Pac. 409, 44 L. R. A. (N. S.) 1164; and cases adopting the rules therein announced are cited as sustaining this contention. This count alleges that certain damages were occasioned by the construction and operation by the defendant of a railroad track in the alley at the rear of the plaintiff's lots; while in the Tramway case the action was for damages occasioned to the plaintiff's premises by the construction and operation of a street car track upon the street, on two sides of the plaintiff's corner lots. The conditions are not similar, and the reasoning and rules announced in the Tramway case are not applicable. As stated therein, the use of a street for street railway purposes is to be contemplated, etc., but no such

presumption applies to the use of an alley, by an ordinary railroad. The facts here are somewhat similar to those in *City of Denver v. Bayer*, 7 Colo. 113, 2 Pac. 6, and *Pueblo v. Strait*, 20 Colo. 13, 36 Pac. 789, 24 L. R. A. 392, 46 Am. St. 273, and when tested by the reasoning and rules announced in these cases, this count states a cause of action.

It is claimed that the evidence is insufficient to prove the existence of a public alley at the rear of the plaintiff's lots. The court, among other things, found, that in August, 1870, Augustus Macon, who was the then owner, filed for record a plat of Block 5, in a certain addition to Canon City, which block included what is now claimed to be this alley, as well as the land owned by the plaintiff; that no designation was made on this plat of any alley in this block, but that in said year of 1870, and the years next following, to-wit, 1871 to 1879, inclusive, by the acts and conduct of said Augustus Macon, and sundry of his vendees and privies in estate and possession, of divers parcels of said premises comprising Block 5 as aforesaid, a public way sixteen feet in width along the middle line of said Block 5, parallel with, and equidistant from the streets, etc., and covering a strip of ground three hundred and fifty-two feet in length (being the length of said block) and sixteen feet in width, being eight feet of width off the rear of each row of lots, etc., was marked and defined upon the ground there, as an open public way or alley, and was then and there accepted and used by the occupants of the several lots and premises in private occupancy in said Block 5, and by the public generally, as an alley and public way, of the location, the course and the dimensions stated, and that the same always since then, has by the public generally and by the public authorities of said town, and by the public authorities of said county of Fremont, been occupied, used, recognized, and regarded, as an alley and public way, etc., and that such alley and public way did exist at the times of the institution of this suit, and its trial, etc., and that never at any time since the filing of said plat

in 1870 (except in the instance of this defendant, as herein complained of) has this strip of land been enclosed, or occupied, or claimed, or used, in whole or in part, by Augustus Macon, or any person or party whomsoever, whether a privy in estate or title of or under said Macon, in claim or in possession of the same or not, in private right, or in claim of private right thereto, nor has the said strip of land, or any part or parcel of the same, ever been conveyed or deeded by said Augustus Macon, or his heirs at law, to any other person or party, nor has the said strip of land or any part or parcel of it ever been returned by said Macon, his heirs or personal representatives, or by any person or party in privity of estate or title with him for assessment for public taxes, nor has it been assessed for taxes, save in the single instance of that part of the said strip eight feet in width and eighty-eight feet in length, comprising the rear eight feet of the east half of Lot 4 of said Block 5 as the same is platted as aforesaid, in which instance the said east half of said Block 5, as platted as aforesaid, was assessed for taxes, and was sold by tax sale deed therefor, no occupancy or use or claim, however, by any person or party of any part of said eight foot parcel of said land, in private right, as against the public use of the same as parcel of said alley way strip of land, being ever asserted or avowed or taken or exercised at any time.

We have given the testimony careful consideration and are of opinion that it supports the findings of the trial court. As to the recognition, use and occupancy of the strip for an alley, it is all one way. When considered alone there might be ground for contention as to the construction to be given to the language in a few of the deeds, by some of the subsequent owners of certain parcels of the block, but when the history of the title to all of it is considered, as disclosed in this record, its sundry owners' recognition at all times of the existence of this alley, the jurisdiction of the city over it as such, in granting the right to construct public utilities

therein, the running of a sewer through it, etc., we cannot agree that the findings should have been different.  It is proper to note that no one claiming title to this strip of land, as the heirs, grantees, successors or assigns of the party who platted it, is here claiming that it is not a public alley; and there is no testimony which shows that anyone who ever had any pretended claim of title to any part of it has ever made claim that it has not been dedicated as a public alley.  The defendant does not claim that it has any title to it, or permission from the city to run its tracks over it; the record discloses that it has not; and while these latter facts alone are not controlling, when the testimony is considered as a whole it clearly establishes that this strip had become and is a public alley by operation of law.  Elliott on Roads and Streets (2nd ed.), Sec. 123, 37 Cyc., p. 18; *Sprague v. Stead,* 56 Colo. 538, 139 Pac. 544; *Goerke v. Manitou,* 25 Colo. App. 482, 139 Pac. 1049.

The judgment is affirmed.

*Affirmed.*

GABBERT, C. J., and SCOTT, J., concur.