## No. 9298.

### MINNEQUA LUMBER COMPANY *v.* CITY AND COUNTY OF DENVER.

1. REAL PROPERTY—*Easement of Access.* The owner of premises abutting upon a public street has an indefeasible right of access to and from his premises to the street, which cannot be taken away, nor materially impaired, even by legislative authority, without compensation.

And this easement is not merely the right of access to the street as a strip of ground, but to the street as used for public travel. It includes opportunity for customers to come to the landowner's place of business, without unreasonable hindrance or obstruction.

2. *Obstruction of Street.* The City constructed a viaduct upon a public street where plaintiff's business property abutted. The street itself was obstructed by the piers upon which the viaduct rested, and public travel was entirely diverted from the street as was customary aforetime, and was carried over the viaduct. *Held* that plaintiff is entitled to compensation for the injury thus occasioned.

*Error to the Denver District Court, Hon. John H. Denison, Judge.*

' Mr. N. WALTER DIXON, Mr. THOMAS J. DIXON, Mr. WALTER M. APPEL, Messrs. STOKES & SHERMAN, for plaintiffs in error.

Mr. JAMES A. MARSH, Mr. THOMAS H. GIBSON, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action brought by The Minnequa Lumber Company against The City and County of Denver to recover damages for depreciation in the value of its property as a result of the construction of the Larimer Street viaduct. At the close of the evidence, the trial court, on motion of the defendant, granted a non-suit against the plaintiff. A motion for a new trial having been interposed and over-ruled, the plaintiff brings the cause here for review.

At the time of the injury complained of, and of the bringing of this action, the plaintiff was the owner in fee of Block 275, and the west half (excepting a small lot in the southeast corner) of Block 269, in West Denver, which is business property, and for many years had been used and enjoyed as one body of land in carrying on the lumber business.

The plaintiff's property lies along, and is bounded on the south by, Larimer Street, and is situated between Second Street, which bounds it on the west, and an alley, between Third and Fourth Streets, which bounds it on the east. Larimer Street is a business street, and an important business thoroughfare of the city, running from 37th Street to First Street where it connects with Golden Avenue and West Colfax Avenue. Before the construction of the viaduct, Larimer Street formed a direct means of access to plaintiff's property, from the east, west and south.

The Larimer Street viaduct runs upon and along Larimer Street, beginning at Eighth Street, and continuing thence to West Colfax Avenue, and on a short distance beyond First Street. The viaduct, where it runs along plaintiff's premises, is more than twenty feet above the ground. It rests on numerous concrete pillars, and occupies the whole roadway of the former surface of the street. Public travel over Larimer Street, between Eighth Street and Colfax Avenue, is now over the viaduct, instead of upon the former surface of the street. All means of access to plaintiff's property by way of the *traveled part* of Larimer Street, has been cut off, except that foot travelers may reach it by means of stairs from the viaduct.

The gist of the plaintiff's cause of action is that by the construction of the viaduct, the plaintiff's right of access to its property, by way of Larimer Street, has been entirely cut off and destroyed, and damages are claimed on account thereof, under section 15, Article II, of the Constitution, where it is provided:

"That private property shall not be taken or damaged for public or private use, without just compensation."

An abutting owner has an indefeasible right of access to and from his property to the street. 28 Cyc. 883. Such right is appurtenant to his lot and is private property. 15 Cyc. 665. As a general rule, this right cannot be taken away, or materially impaired or interfered with, even under legislative authority, without compensation. 13 R. C. L. 142, sec. 125. The abutting owner is entitled to compensation where the easement of access is taken away or materially interfered with by the municipality as the result of making an unusual change in the street, or putting it, or allowing it to be put, to an extraordinary or unanticipated use. *Colorado Springs v. Stark,* 57 Colo, 384, 140 Pac. 794. The building of a viaduct in a street by the city, whereby, ingress and egress to abutting property is adversely affected, is such an extraordinary use of the street as could not have been anticipated at the time of the dedication, and the abutting owner can recover for injury to his property on that account. The injury is of a kind not common to the general public. *Pueblo v. Strait,* 20 Colo. 13, 36 Pac. 789, 46 Am. St. Rep. 273, 24 L. R. A. 392.

There is no contention with reference to the correctness of the rules and principles above stated, but the argument of the defendant, in support of the judgment below, deals with the vacation of portions of Larimer Street, and plaintiff's access to an unvacated part of the former surface of the street. As a part of the transaction resulting in the construction of the viaduct, certain parts of Larimer Street were vacated, but that portion of Larimer Street that lies along the plaintiff's property, and westerly therefrom, was never expressly vacated by ordinance.

The fact that the plaintiff, after the construction of the viaduct, continued to have access to the former surface of Larimer Street in front of its property, seems to have caused the trial court to find that "in the present case ingress and egress remain untouched," and to grant the nonsuit on that theory. In our judgment, however, the fact above mentioned is not controlling, under the circumstances existing in this case, upon the question of the invasion of the plaintiff's right of access. While no part of Larimer Street, where it adjoins plaintiff's lots, was formally vacated, nevertheless the plaintiff's easement of access to Larimer Street, for reasons hereinafter mentioned, was materially impaired and interfered with, if not destroyed, by the construction of the viaduct.

The term "street" is ordinarily used to mean "a public way or road in a city or village." 28 Cyc. 832. Prior to the construction of the viaduct, the public highway, and the place used for public travel, was upon the natural surface of the street, and to such highway plaintiff had free and unobstructed access. After the viaduct was built, the public way was upon the viaduct instead of upon the strip of ground lying below the viaduct, not only because the viaduct was the most convenient way of going over Larimer Street, but also because the former surface of the street was obstructed as the result of the vacation of a large section of the street lying easterly of the alley which bounds plaintiff's premises on the east. The viaduct itself became the public way; at least it carried the roadway. And such roadway, or public highway, was carried by the viaduct more than twenty feet above the ground, as it passed plaintiff's premises and for some distance in either direction, and to this highway plaintiff had no access from its property. Hence by the construction of the viaduct which raised the traveled part of the street twenty feet or more above where it lay before, the plaintiff was deprived of its easement of access to Larimer Street as a public way.

The easement of access relates not merely to the street

as a strip of ground but also to the street as a road used for public travel. The plaintiff, in common with all citizens, has the right to use the viaduct as a public highway. That is the plaintiff's public right. The easement of access is a right given to the abutting owner "in addition to the public easement in the street." 1 Words & Phrases, 58. It is a private property or right. 15 Cyc. 665. Both the public and the private right extend to the traveled part of the street. It has accordingly been held that in order that the abutting owner may reach the "traveled part" of the street, he has the right to bridge a ditch or construct a grade for that purpose. 37 Cyc. 206, note 95. In 1 Words & Phrases, 58, citing *Reining v. New York, L. & W. Ry. Co.*, 13 N. Y. S. 238, it is said:

"The easement of access which the owner of property has cannot be the mere right of going out from his home or place of business on the street and returning therefrom on his own land, which he may do by virtue of his personal liberty, but means a certain convenience in the use of his property with respect to the rest of the world.

*       *       *

"The right of access includes the opportunity for a man's customers to come to his place of business without unreasonable hindrance of interruption.

*       *       *

"This access is broad enough for the beneficial enjoyment of his property, so that if his place of business is situated so as to invite trade and custom   *   *   *   from places on the street beyond either direction, such patronage ought not to be turned away from him by obstructions on his front."

The views above expressed are in accord with the opinion of this court in *Denver v. Bayer*, 7 Colo. 113, 2 Pac. 6, where it was said:

"The abutting lot owner has a peculiar interest in the street. He has rights therein not shared by the general public. If the fee thereof be in the municipality, he owns an easement therein. This easement or right, though in-

corporeal and intangible, often gives to the realty whatever value it may be found to possess; without it, the land and the improvements thereon may be of little use or benefit; with it, they may yield to the owner a handsome revenue. This is especially true of business streets and business blocks erected thereon.

*   *   *

"Whatever permanently prevents the adjacent owner's free use of the street for ingress or egress to or from his lot, and whatever interference with the street permanently diminishes the value of his business, is as much a damage to his private property as though some direct physical injury was inflicted thereon."

As hereinbefore stated, there was evidence that plaintiff's easement of access to Larimer Street was seriously invaded, if not destroyed, and under the decision in *Pueblo v. Strait, supra,* the easement having been interfered with by reason of the construction of a viaduct, the plaintiff is entitled to compensation under the constitutional provision relied on. There being evidence showing plaintiff's right to recover, and sufficient evidence to sustain a verdict in his favor, it was error to grant a non-suit.

*Schwenke v. Union D. & R. Co.,* 12 Colo. 341, 345, 21 Pac. 43. The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Scott concur.

Decided Nov. 3, 1919. Rehearing denied January 5, 1920.