No. 18,807.

ALBERT L. ROTH *v.* LONNIE H. WILKIE, ET AL.

(354 P. [2d] 510)

Decided August 2, 1960.

Messrs. HENRY & KEATING, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

THE parties are here in the same order they appeared in the trial court and we will so refer to them or by name.

Roth in July of 1954 purchased a plot of unimproved ground approximately 200′ by 426′ in Arvada, Colorado. Subsequently he divided the plot into five building sites and sold four of them, retaining the site in the middle, described as the West 86 feet of the East 256 feet of the North 200 feet of Block N, Arvada Gardens, County of Jefferson, State of Colorado. In early 1955 he sold the two sites on the west of the one retained for $2,500.00 each, and the two on the east for $2,750.00 each.

The original tract of land was serviced by two roads. One of these, West 63rd Place, runs east and west and lies immediately north of his property. The other, Balsam Street, runs north and south, and ends at the south boundary of plaintiff's property, affording access to West 62nd Avenue. After subdividing the property and selling four of the five sites plaintiff's site continued to be serviced by the two roads. The other four sites were serviced only by West 63rd Place.

The defendants are the owners of Lots 22 and 23 of the Ralston Heights Subdivision in the City of Arvada. Lot 22 adjoins plaintiff's property on the south.

In October of 1957, upon the application of the Wilkies, the City of Arvada vacated the platting of Ralston Heights Subdivision as it pertained to Lots 22, 23 and 32 and approved the replatting of the same. This was done in such a manner as to close that portion of Balsam Street adjoining plaintiff's property and incorporate it into a new lot, thus depriving plaintiff of access to West 62nd Avenue by way of Balsam Street.

In his amended complaint plaintiff prayed judgment for $5,000.00 and costs. The damages were alleged to

have been sustained as a result of the vacation of Balsam Street in the manner aforesaid.

Trial was had to the court, which granted defendant's motion to dismiss at the close of plaintiff's case. In so ruling, the court held that "the proof that you have here does not entitle you to damages in this particular case; and even if it did damages have not been adequately proven * * *."

The sole issue presented is the propriety of the ruling of the trial court dismissing plaintiff's complaint for failure of proof.

■ An abutting land owner specially injured by the vacation of a street may recover the actual damages sustained. The general rule is stated in 11 *McQuillin,* Municipal Corporations 134, §30.188, as follows:

"Admitting that a landowner is specially injured by the closing of a street or part thereof, the question arises whether in any event he can recover damages because thereof, and in answer it may be said that the right to recover is almost universally admitted * * *. In the absence of any special statute, the general rule is that an abutting owner who is specially injured is entitled to compensation for damages caused by the vacation of a street or alley. * * *."

This rule was applied by this court in *Denver Union Terminal Railway Co. v. Glodt* (1919), 67 Colo. 115, 186 Pac. 904, where the plaintiff was allowed to recover actual damages incurred as the result of the vacation of a street abutting on his property, impairing to a substantial degree his right of access to this property by way of such street.

The question presented thus becomes one of whether this plaintiff has made a sufficient showing of right and of damages to entitle him to relief.

The trial court found that plaintiff had suffered no damage by reason of the vacation of Balsam Street abutting his property, and suggested that even had he been

so injured, his proof of damage was insufficient to support a recovery.

The only evidence of value consists of testimony of the plaintiff and his answers to interrogatories as follows: He purchased the entire tract in July 1954 for $4,264.78, and sold the two sites to the west of him for $2,500.00 each, and the two sites to the east for $2,750.00 each the following year. He valued the site retained at $4,000.00 and the house constructed thereon, including the fee of the real estate agent for selling it, at $35,328.46. This house was sold in March 1958 for $27,000.00 to a purchaser who had knowledge of the fact that Balsam Street was to be closed. The actual cost of construction of the house was $27,008.46. He still has access to West 63rd Avenue as a means of ingress and egress, as do the properties to the east and west of him, though perhaps not a convenient means as was Balsam Street.

In *Gilbert v. Greeley, Salt Lake & Pacific Ry.* (1889), 13 Colo. 501, 22 Pac. 814, the court had before it a somewhat similar situation, involving the obstruction of a street by the railroad adjacent to the plaintiff's property. It stated in pertinent part:

"Notwithstanding the broad terms of our constitution, and the unqualified expressions of certain judicial opinions, we are not prepared to say that whenever a depreciation in private property is caused by some public or private improvement the owner of the property thus depreciated may recover compensation against the party making such improvement. * * * as a general rule no one has any special, private property or interest in the public highway other or different from the general public, and the damage thus suffered is common to all having occasion to use the street or highway. * * * It is only when some specific private property, or some right or interest therein or incident thereto, peculiar to the owner, is taken or damaged for public or private use that the constitution guarantees compensation therefor."

Although the plaintiff was denied a recovery in that

case, the rule there announced has been applied in subsequent cases as the basis for awarding damages to abutting landowners injured by the vacation or obstruction of streets or highways impairing the right of ingress and egress to such property. See *Town of Longmont v. Parker* (1890), 14 Colo. 386, 23 Pac. 443; *Pueblo v. Strait* (1894), 20 Colo. 13, 36 Pac. 789 and *Denver Union Terminal Railway Co. v. Glodt,* supra.

█ Did this plaintiff have a special private property interest in the continued maintenance of Balsam Street as a means of access to his property? Under the doctrine of the foregoing cases he did, hence in finding otherwise and dismissing the action the trial court was in error.

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE HALL and MR. JUSTICE DAY not participating.