**STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, State of Colorado, Petitioner–Appellee,**

v.

**INTERSTATE–DENVER WEST, a Colorado joint venture consisting of C. Gary Skartvedt, Thomas W. Anthony and Macy J. Price, Respondent–Appellant.**

No. 86CA0946.

Colorado Court of Appeals, Div. IV.

Dec. 8, 1988.

Rehearing Denied Jan. 12, 1989.

Certiorari Granted (State) April 24, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Thomas W. Gibb, Sp. Asst. Atty. Gen., Denver, for petitioner-appellee.

Faegre & Benson, Joseph M. Montano, Leslie A. Fields, Denver, for respondent-appellant.

METZGER, Judge.

In this condemnation action, respondent Interstate–Denver West appeals a judgment approving a $300,000 award for damages to the remainder of property taken by petitioner, State Department of Highways, Division of Highways (Department). Respondent contends the trial court erred as a matter of law in determining that the elimination of one of its two direct access points could not be considered in the computation of damages. In a related argument, respondent also asserts that the award for damages to the remainder of the property is grossly inadequate in light of the evidence. As well, respondent appeals several evidentiary rulings which occurred during the course of the damages trial, and alleges that the Commissioners were given improper and prejudicial instructions. We reverse and remand for further proceedings.

The Department instituted this condemnation action to acquire 9.17 acres out of a 38.32 acre tract owned by respondent for the construction of the C–470 highway interchange. The entire parcel of property is undeveloped, vacant land located in Jefferson County, Colorado. There are no public streets on the property, but a dedicated right-of-way for West 4th Avenue exists. This dedicated right-of-way for West 4th Avenue enters the property from its east boundary, then transverses the property through the dedicated area to the right-of-way line of Rooney Road, which provides direct access to the west boundary of the property. The property was zoned P.U.D., thus requiring development as a business property with no permitted residential uses.

The property which the Department sought to condemn lies at the west end of the property. The parties stipulated that the proposed taking would eliminate all access to Rooney Road.

Before the damages trial, the trial court entered an *in limine* order which provided in pertinent part that the Commission "may not consider the loss of the Rooney Road access as a separate element of damage to the remaining property." However, the trial court ruled the respondent could introduce evidence at the damages trial concerning the damages to the remainder of its property caused by a potential loss of zoning, so long as the loss of zoning was probable and not speculative or conjectural.

The date of value for condemnation purposes was August 3, 1984. Respondent's experts testified that the value of the land taken ranged from $1,187,000 to $1,358,705; the Department's valuation witness placed the value of the land taken at $639,410. The Commissioners awarded $803,234 for the property taken, and the trial court accepted that valuation and entered judgment accordingly. That portion of the judgment is not being appealed.

The respondent's experts estimated damages to the remainder to range from $2,543,169 to $2,646,868. The Department's valuation witness testified that there were no damages to the remainder. The Commissioners awarded $300,000 for damages to the remainder of the property, and the trial court accepted that determination and entered judgment accordingly. That portion of the judgment is the basis of this appeal.

## I.

■ Respondent argues that the trial court erred in refusing to allow it to present evidence to the Commission concerning damages to the remainder caused by the taking of access to Rooney Road. We agree.

The right of access is the right of a landowner who abuts on a street or highway to reasonable ingress and egress. *Minnequa Lumber Co. v. City & County of Denver*, 67 Colo. 472, 186 P. 539 (1919). Property is said to abut upon a street or highway when there is no intervening land between it and such street or highway. *Radinsky v. Denver*, 159 Colo. 134, 410

P.2d 644 (1966). *See also Kemp v. Seattle*, 149 Wash. 197, 270 P. 431 (1928).

■ An abutting landowner is entitled to compensation when his access is denied or substantially damaged. *Minnequa Lumber Co. v. City & County of Denver, supra; Roth v. Wilkie*, 143 Colo. 519, 354 P.2d 510 (1960). Compensation is required when the remainder is damaged by a substantial limitation or loss of access. *State Department of Highways v. Davis*, 626 P.2d 661 (Colo.1981). The determination whether access has been substantially impaired is a question of law, and thus, subject to review on appeal. *Shaklee v. Board of County Commissioners*, 176 Colo. 559, 491 P.2d 1366 (1971).

The trial court found that the respondent was the owner of property which abutted Rooney Road. However, relying on *Troiano v. Colorado Department of Highways*, 170 Colo. 484, 463 P.2d 448 (1969) and *State Department of Highways v. Davis, supra*, it determined that, since access to the remainder from West 4th Avenue was undisturbed, the elimination of the Rooney Road access did not substantially interfere with respondent's ingress and egress to the remainder. Concluding that the West 4th Avenue access was reasonable, it noted "right of access is subject to reasonable control and limitation. So long as the landowner retains reasonable means of access to and from his property partial loss of access is not compensable." Consequently, the court ruled the Commission could not consider the loss of the Rooney Road access in determining the damages accruing to the remainder of respondent's property. In our view, this was error.

In both *Troiano v. Colorado Department of Highways, supra*, and *State Department of Highways v. Davis, supra*, access to an existing point of ingress or egress was not eliminated. Rather, in *Troiano*, the original street providing access remained, but the construction of an elevated portion of Interstate 70 required travelers to pursue a circuitous route in order to reach Troiano's property.

Similarly, in *State Department of Highways v. Davis, supra*, the access to Davis'

property was limited to the extent that it was necessary to travel approximately 300 feet on a frontage road to gain access to a state highway. Before the condemnation proceeding, Davis had two direct points of access onto the state highway; after the condemnation, Davis retained two direct points of access onto the frontage road. In both of those cases, our supreme court determined that the landowners' access was not substantially impaired.

Here, however, the property before the condemnation enjoyed two points of access onto public roads: Rooney Road on the west end and West 4th Avenue on the east end. After the condemnation, only the West 4th Avenue access remained. Since the Rooney Road access was obliterated, and no substitute access, circuitous or otherwise, was provided, we conclude that respondent's access suffered a substantial impairment as a matter of law, and that the Commissioners should have been allowed to consider this loss of access in determining damages to the remainder of respondent's property. The trial court erred in ruling to the contrary.

This position is bolstered by the supreme court's decision in *LaPlata Electric Ass'n v. Cummins*, 728 P.2d 696 (Colo.1986), announced after the trial court's entry of judgment in this case. In that decision, the supreme court determined that owners of real property who had a portion of their property condemned for the purpose of constructing an electric power line were entitled to compensation for reduction in the value of the remainder of the property resulting from aesthetic damage and loss of view. It held that when a portion of a parcel of land is taken from a property owner in a condemnation proceeding, that landowner is entitled to recover all damages that are the natural, common, necessary, and reasonable result of the taking, as measured by the reduction of the market value of the remainder of the property.

Here, the evidence established that, as a direct result of the Department's taking of the entirety of the access to Rooney Road, the remainder was in violation of several requirements of its P.U.D. zoning, and other zoning and subdivision regulations of the City of Golden. The remainder had only one feasible access remaining, *i.e.*, West 4th Avenue. Consequently, this evidence established that the loss of access to Rooney Road created damage to the remainder that was attributable to the use of or activity on the land that was taken.

Accordingly, we conclude that, upon retrial, respondent should be allowed to present any relevant evidence concerning diminution of market value caused by the taking, and that it be allowed specifically to present evidence concerning the effect on that market value resulting from the elimination of all access to Rooney Road.

## II.

We also agree with respondent's argument that the trial court erred in instructing the Commissioners that respondent had a duty to take reasonable steps to minimize its damages, and that any damages which the evidence showed resulted from a failure to take such steps could not be recovered. *See Wassenich v. City & County of Denver*, 67 Colo. 456, 186 P. 533 (1919).

## III.

Respondent's other arguments are either moot or without merit.

That portion of the judgment concerning damages to the remainder of the property is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

TURSI and FISCHBACH, JJ., concur.