No. 17,403.

EDWARD G. HECKENDORF v. TOWN OF LITTLETON.

(286 P. [2d] 615)

Decided July 11, 1955.

Mr. RICHARD H. SIMON, Mr. RICHARD N. GRAHAM, for plaintiff in error.

Mr. R. C. HAWLEY, Mr. C. R. HAMPTON, of counsel.

Mr. HORATIO S. RAMSEY, for defendant in error.

Messrs. LEE & SHIVERS, of counsel.

*En Banc.*

MR. JUSTICE LINDSLEY delivered the opinion of the Court.

PLAINTIFF in error was defendant in the trial court and defendant in error was plaintiff. We shall refer to the parties as they therein appeared.

Defendant was charged with, and convicted of, a violation of an ordinance of the plaintiff town in the police magistrate's court, which conviction was sustained by the county court, and defendant brings the case to this Court for review by writ of error.

The charge was a violation of sections 6 and 7 of ordinance No. 361 of plaintiff, in which it briefly alleged failure as an abutting private property owner to obtain a license and pay an annual fee of $82.00 for a curb cut, which defendant used for commercial purposes in a commercial or manufacturing zone for ingress and egress.

Said ordinance No. 361 provides, "that for the purpose of regulating streets, * * * the use and manner of motor vehicles entering and leaving private property from and to the public streets and avenues; the flow of vehicular traffic along the streets and avenues; the use of vehicular parking space or spaces along the curb lines of streets and avenues;" said ordinance was enacted.

Briefly stated, section 6 thereof provides that the owner of any property having a curb cut, which is used for business purposes in a commercial or manufacturing zone, shall obtain a permit or license from the Building Inspector of the defendant and pay therefor an annual fee of $18.00 for each curb cut of twelve feet or less, and $2.00 per foot for cuts in excess thereof.

Section 7 of said ordinance contains a penalty clause providing a fine up to $200.00 upon conviction.

The evidence discloses that there is a concrete structure —in effect an apron—extending a city block between the sidewalk and the street; 146 feet thereof, or half of the block, abuts the defendant's property; that there is no elevated curb in the sense that it is ordinarily designated;

that this concrete structure was installed many years ago and has been in the same condition and the use of it has remained the same for many years prior to the passage of the ordinance herein involved; that there are several buildings upon the abutting private property, and that the plaintiff's building inspector by examination of vehicular tracks across said apron concluded in his own mind, and determined, that 56 feet of said concrete apron was subject to a charge as a licensed curb cut. It is interesting to note that the building inspector assessed 44 feet of this 56 feet to the defendant herein and 12 feet to Francis Heckendorf, who was not an abutting property owner, but who owned property further back in the block from said street. Francis Heckendorf admitted use of the concrete apron for ingress and egress for commercial purposes. Neither Francis Heckendorf nor defendant paid the fee demanded. Francis Heckendorf, like defendant herein, was similarly charged in a companion case. The case against him was dismissed upon trial and he is not before this Court.

The revenue derived from the enforcement of the ordinance here involved went into the general fund of the Town, which in 1952, amounted to $3633.50, approximately five per cent of the Town's general fund.

Defendant relies for reversal first, upon the alleged ground that the ordinance is invalid because plaintiff has no power to regulate curb cuts by license.

C.R.S. '53, 139-32-1 (20) is as follows:

"(a)   To lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, parks and public grounds, and vacate the same, * * * to regulate the use of the same; to prevent and remove encroachments or obstruction upon the same; * * *

"(c)   To regulate the use of sidewalks along the streets and alleys, * * *

"(e)   To provide for and regulate crosswalks, curbs and gutters; * * *

"(g)   To regulate traffic * * * upon the streets, sidewalks and public places; * * *"

The statutes above quoted give the Town of Littleton the right to regulate curb cuts under its police power.

The next point upon which reliance is placed for reversal is that access is a property right and an owner of private property abutting the street cannot be deprived of the right of ingress and egress without just compensation and due process of law. Counsel for defendant are correct in their statement of the law asserted, but the evidence does not disclose an attempt by the Town to deprive defendant of ingress and egress, but merely a purported attempt to regulate the same under the police power.

The balance of the specifications of error upon which defendant relies in effect combine an objection to the principles that plaintiff cannot tax the property right of ingress and egress across a sidewalk of an abutting property owner to the street, and that a purported ordinance regulatory in its character under the police power is invalid if it is in fact a revenue raising measure; and further if an ordinance is in reality not a regulatory measure despite its nomenclature as such. If the fee imposed in the instant case is not justified under the regulatory police power, the charge is illegal both as a purported property tax and as a license fee.

██ Treating this last point counsel for defendant are correct, and the judgment in this case should be reversed because there was no supervision or regulatory action by plaintiff in enforcing the ordinance here involved; the purported curb cut already was in existence long prior to the enactment of the ordinance and attempted enforcement thereof; the Town authorities did not inspect the concrete apron other than measuring the same, estimating the bill for an annual license fee due the Town and billing the defendant herein for the amount. The expense incurred by the Town in regulating the curb cuts was negligible; no known expenditures were made from the general fund for the purpose of regulation of the ordinance.

No consideration was given to the type, class, or character of the business affected thereby as to whether said type of business was subject to the police power, but in effect the license and fee therefor were merely upon the right of ingress and egress, and hence was a license fee upon the same. That certain types of business are subject to police regulation and a license fee in their operation because of the inherent nature of the business is not disputed by the authorities; but a tax solely upon the right of ingress and egress is invalid.

City of Shawnee v. Robbins Bros. Tire Co., 134 Okla. 142; 272 Pac. 457; 66 A.L.R. 1047.

█ The Town authorities had a right to reasonably regulate, but not deny or unduly hamper, the right of ingress and egress of the abutting property owner, when the concrete apron here involved extended a full half block and consisted of his entire frontage upon the street, provided no fee or charge is imposed for the exercise of such right of ingress and egress.

25 Am. Jur. 448, Highways, Sec. 154;

City of Shawnee v. Robbins Bros. Tire Co., supra.

█ Where regulation or restraint despite the nomenclature of an Act is almost negligible, if not entirely so, the levy ceased to be a license fee and becomes in reality a revenue raising measure.

Moffitt v. City of Pueblo, 55 Colo. 112; 133 Pac. 754; The Board of County Commissioners of Kiowa County v. Dunn, 21 Colo. 185, 40 Pac. 357; Reilly v. Hatheway, 46 Mont. 1, 125 Pac. 417; Postal Telegraph Co. v. Taylor, 192 U.S. 64, 24 Sup. Ct. 208, 48 Law Ed. 342.

We also have held that even though such a license fee may incidentally raise revenue, yet there must be some reasonable relation between the fee and the cost of services performed in the matter of regulation. Houston v. Kirschwing, 117 Colo. 92, 184 P. (2d) 487.

█ It therefore becomes apparent from the record herein that insofar as the right of ingress and egress already in existence prior to the passage of the ordinance

above referred to, and to which purported regulation thereof amounted to nothing more than a billing of the abutting property owner for a "curb cut" under the ordinance, for a fee or a charge for the exercise thereof is a tax thereon and not a regulatory fee, and therefore unconstitutional.

The vitality of the ordinanace herein involved must rest in the police power as a regulatory measure as set forth in the ordinance by its terms. The total absence of any such regulation strips the ordinance, insofar as the defendant herein is concerned, of this label and leaves the naked truth to be merely a taxation for revenue upon the right of ingress and egress to and from private property which is illegal, as the same would be violative of Section 3, Article X of the Constitution. *Walker v. Bedford*, 93 Colo. 400, 26 P. (2d) 1051.

For the above reasons the judgment is reversed and the cause remanded with instructions to dismiss the action.