No. 18,631.

G. Von Reisen *v.* The Greeley Finance Company, et al.
(350 P. [2d] 340)

Decided March 21, 1960.

Mr. Waino W. Johnson, Mr. Earl W. Haffke, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

Mr. Chief Justice Sutton delivered the opinion of the Court.

ONLY two questions of substance are presented by this writ of error, viz:

1. Did a contract, in fact, exist between defendant in error, June R. Hooker, formerly June R. Sieber, and G. Von Riesen as found by the trial court, and

2. If so, were the damages awarded excessive?

On November 9, 1953, June R. Sieber and her husband Michael R. Sieber executed a negotiable promissory note by the terms of which they agreed to pay to the order of The Greeley Finance Company the sum of $1332.06 together with interest at the rate of 2% per month computed on the unpaid balance. It was to be paid in twenty-four monthly installments of $70.84, payable on the fifth day of every month commencing on December 5, 1953. At the same time they executed a chattel mortgage upon their automobile and certain designated furniture to secure payment of the note.

On August 23, 1955, the Finance Company instituted the instant action against June R. Sieber and G. Von Riesen to recover the balance alleged to be due upon the note of $1230.85, together with interest of 2% per month from the date of the alleged default in monthly payments.

It was further alleged in the complaint that June R. Sieber had entered into a contract with Von Riesen for the benefit of the plaintiff whereby Von Riesen had agreed to settle the amount owing from her to the Finance Company, the breach of which was urged as entitling plaintiff to judgment against Von Riesen as well as against June R. Sieber.

After a rather complicated set of answers and cross complaints, the case was finally at issue. Trial was had to the court, which found that a contract did exist between Von Riesen and June R. Hooker, and that by the terms of that contract Von Riesen had agreed to satisfy the claim of the Finance Company against her. Von Riesen urges that the court erred in finding that the "written contract," which was received in evidence as an

exhibit and is included in the transcript filed with the record, constituted a contract. He alleges that the elements of a binding contract are lacking and it is uncertain and indefinite. This handwritten instrument is as follows:

"4-14-54

"Ft. Morgan, Colo.

"1. I agree to settle June R. Seibergs part owing to Greeley Finance.

"2. Total owing Frank E. Andrews Mo interest & net bal $700.00.

"3. Insurance due $66.00

"4. Pays contracts to V & H Furniture, Inc., 328 Main by their picking up the Mdse. This pays it in full.

"5. Pay April rent & June R. Sieber agrees that it brings it up to date to May 1st 1954 and that she will vacate by April 30th 1954 and that V & H Furniture, Inc., will let Mrs. Sieber use Furniture per contract to that date only and she agrees to take proper care of it.

"6. G. Von Riesen agree to pay June R. Sieber $250.00 and that $50.00 is paid today on signing papers and up vacating April 30th 1954 bal is due of $200.00.

"I agree to above.

(Signed)    June R. Sieber
(Signed)    G. Von Riesen
(Signed)    June R. Sieber."

While we would be inclined to agree that this instrument alone lacks many of the basic essentials of a contract, we cannot agree that the court found that the document itself "constituted a contract." The exact finding of the court was that "there was a contract * * * between these two parties, and under the terms of that contract, the Court finds that the defendant, Mr. Von Riesen, undertook and agreed to satisfy the claim of the Greeley Finance Company against June R. Sieber." The court further indicated that it based this finding "upon

the evidence, some of which is conflicting and some of which is not, * * *."

■ The written instrument obviously is not a complete, integrated contract. It could more adequately be described as nothing more than a note or memorandum of the agreement between the parties. As such it could be explained by parol evidence. While the transcript does not include the testimony adduced at the trial, it is obvious from the finding of the court that such parol evidence was before it and that the plaintiff sustained the burden of proving the existence and terms of the contract. There is no ground complained of here for upsetting this finding.

The second question before us is that of damages. Plaintiff in error urges that the damages awarded were excessive in two respects: 1. the interest awarded is alleged to be in excess of that allowed by law, and 2. the "part" of June R. Sieber's that Von Riesen had agreed to satisfy is urged as only one-half of the amount due on the note, since she was a co-signer with her husband, thereby making it error to hold Von Riesen liable for the full amount of the loan.

■ The trial court awarded interest damages computed on the basis of 2% per month of the unpaid balance from the time of breach until the time the complaint was filed on August 23, 1955. This sum is the amount of interest called for in the note, is the amount authorized by the Colorado 1913 Loan Law, C.R.S. '53, 73-3-5, and is a proper measure of damages.

■ Also, the court found that under the terms of the contract the defendant, Mr. Von Riesen, undertook and agreed to satisfy the claim of the Greeley Finance Company against June R. Sieber. In this action the claim of the Finance Company against her was for the full amount of the debt due, and she was held liable for that amount. Consequently it is difficult to see how Von Riesen could be held liable for any lesser amount. The trial court properly provided in its judgment that the

satisfaction of the Finance Company judgment by Von Riesen would also be a satisfaction of Mrs. Sieber's third party claim.

The judgment is affirmed.