No. 19,695.

PEARL N. GAYTON, ETC., *v.* DEPARTMENT OF HIGHWAYS, STATE OF COLORADO.
(367 P. [2d] 899)

Decided January 15, 1962.

Messrs. LATTIMER & ROBB, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. JOHN P. HOLLOWAY, Assistant, Chief Highway Counsel, Mr. JAMES R. RICHARDS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

IN response to Gayton's complaint the Department of Highways, State of Colorado, hereinafter referred to as the Highway Department, filed a motion to dismiss, averring "that the complaint fails to state a claim upon which relief can be granted." The motion was granted and a judgment of dismissal was duly entered, Gayton electing to stand on her complaint. By writ of error Gayton now seeks reversal of this judgment of dismissal, contending that her complaint as drawn is legally sufficient to withstand this motion to dismiss for failure to state a claim. Accordingly it becomes necessary to examine the complaint with particularity.

■ At the outset, certain basic rules governing a motion to dismiss for failure to state a claim should be noted. In *Dillinger v. The North Sterling Irrigation District,* 135 Colo. 100, 308 P. (2d) 608, it was said:

"In passing on a motion to dismiss a complaint for

failure to state a claim, the court must consider only those matters stated within the four corners thereof."

Also, it is axiomatic that for the purpose of ruling on a motion to dismiss for failure to state a claim, those matters in the complaint which are well pleaded are assumed to be true. See, for example, *Stapp v. Carb-Ice Corporation,* 122 Colo. 526, 224 P. (2d) 935.

Proceeding then to a consideration of the complaint, Gayton alleges that she owns certain real estate in Pueblo and that located thereon are certain rental apartments; that the rear end of this property abuts on a public alley, and that this alley "was and is the only way by which the plaintiff has any access to and from her real estate." From the complaint it is also learned that this public alley runs in an east-west direction, emptying into Albany Avenue at its westerly end and, prior to 1958, into Bradford Avenue on the east. However, according to the complaint, the Highway Department in 1958, "for the purposes of a freeway, and pursuant to a resolution of the State Highway Commission . . . fenced and completely closed the aforesaid public alley . . . at its easterly end where it intersects with Bradford Avenue." Gayton complains that because of this action on the part of the Highway Department she and her tenants and their guests have been "limited" in their means of access to and from this property and that they have been "completely denied . . . rights of ingress to or egress from the general system of streets in an easterly direction."

The sole question to be resolved is whether the complaint as drawn sets forth a "claim upon which relief can be granted." We conclude that the complaint does *not* state such a claim and that the trial court was correct in dismissing this complaint for its failure to so do.

It is Gayton's contention that because of the barricade erected by the Highway Department at the point where the public alley intersects with what prior to 1958 was Bradford Avenue, but which is now a modern high speed

freeway, she and her tenants are now "limited" and restricted in their means of access to the general street system of Pueblo. In other words, before the erection of this barricade she and her tenants had access from her property to the street system of Pueblo by proceeding in either an easterly or westerly direction on this public alley, but because of the barricade they can now gain access only by proceeding along the alley in a westerly direction. There is no allegation that they have been denied *all* access to the street system of Pueblo. On the contrary it is readily apparent from the complaint that they still have access to the Pueblo streets via Albany Avenue, and there is no allegation that such means of access is either difficult or unreasonable.

The gravamen of the complaint is that Gayton has a constitutionally protected right to two avenues or means of access to the Pueblo street system. It is to be noted that she does not challenge the authority of the Highway Department to erect the barricade, nor does she suggest that its action in so doing is unreasonable. Modern freeways permit only limited access thereto, and to permit entrance of an alley into a freeway is obviously impractical from an engineering standpoint. So, Gayton in effect concedes that the Highway Department acted properly in building the barricade at the point where the alley empties into the freeway, but claims that such has damaged her property, presumably by a diminution in its fair market value. In support of her claim for damages she cites Article II, section 25 of the Colorado Constitution, which states that "no person shall be deprived of life, liberty or property, without due process of law" and Article II section 15 of the Colorado Constitution which provides that "private property shall not be taken, or damaged, for public or private use without just compensation."

In *People ex rel v. Symons,* 54 Cal. (2d) 855, 357 P. (2d) 451 the Supreme Court of California made the fol-

lowing general observations which serve as an excellent starting point for disposition of the instant case:

"It has long been recognized that there is no right to recover for all elements of damage caused by the construction of a public improvement . . . The constitution does not authorize a remedy for every diminution in the value of property that is caused by a public improvement. The damage for which compensation is to be made is damage to the property itself, and does not include a mere infringement of the owner's personal pleasure or enjoyment. Merely rendering private property less desirable for certain purposes, or even causing personal annoyance or discomfort in its use will not constitute the damages contemplated by the constitution; but the property itself must suffer some diminution in substance, or be rendered intrinsically less valuable, by reason of the public use . . . Not every depreciation in the value not taken can be made the basis of an award of damages . . . damages may not be allowed for diminution of property value resulting from highway changes causing diversion of traffic, circuity of travel beyond an intersecting street, or other noncompensable items,"

Proceeding then to a consideration of the precise question here to be resolved, namely whether Gayton is entitled to compensation because she has been deprived of one of her two means of access to the street system of Pueblo, it is to be observed that the courts of the several states are not in agreement. For example, in *Beals v. City of Los Angeles*, 23 Cal. (2d) 381, 144 P. (2d) 839 it was held that a property owner in a block is entitled to have the alley in the block open to the streets on either side and that a municipality cannot by vacating a part of the alley create a cul de sac against an abutting owner without compensating him.

On the other hand in *New York, C. and St. L. R. Co. v. Bucsi,* 128 Ohio St. 134, 190 N.E. 562, it was said:

"A collation of the authorities leads us to the conclusion that the greater weight of authority is to the ef-

fect that a property owner on a street, a portion of which other than the part on which he abuts, has no right to action for damages to his property when the street is vacated at one of its termini only, where by means of the other terminus he can get into direct communication with the general street system of the city."

Our attention has not been directed to any decision of this court dealing with the precise factual situation described in the instant complaint. However, in *Denver Union Terminal Railway Company v. Glodt*, 60 Colo. 115, 186 Pac. 904, in affirming a jury award to a property owner whose real property was allegedly damaged by the closing and vacation of a part of the street and the construction and maintenance thereon of a permanent approach or viaduct, it was said:

"It is alleged in the second amended complaint that 'the premises of the plaintiffs have been pocketed, and cut off from all practicable or reasonable means of ingress and egress with any part of the city, and have been wholly pocketed and cut off from all means of ingress and egress to and from the business part of the city . . .' The cases in this and in other jurisdictions, which denied a recovery to one whose property was located on . . . a different part of the street vacated or obstructed, were generally cases where such plaintiff or complainant was not deprived of the only reasonable means of access to his property . . . The correct rule applicable in the instant case, is that the owner of property which does not abut on the part of the street closed is entitled to compensation, providing he is able to prove special and peculiar damage . . . even a non-abutting owner has a right to compensation if his right of access is entirely cut off, or is impaired to a substantial degree."

In the Glodt case this Court went on to hold that "under the circumstances shown by the evidence, the plaintiffs' easement of access was *substantially impaired and seriously invaded* by the closing of Nineteenth Street,

and that, therefore, special damage was sustained." (Emphasis supplied.)

It is to be noted that in the instant case Gayton did not plead that all means of access to her property via this public alley were cut off by the erection of the barricade at the easterly end of the alley, nor did she allege that her easement of access was "substantially impaired" or even "seriously invaded." Rather her complaint tacitly admits that she still has access to the street system of Pueblo by merely proceeding down the alley in a westerly direction. Inasmuch then as Gayton still has reasonable access to the streets of Pueblo, her damages, if any, are general and not special.

Gayton suggests that a different rule should prevail in the case of the partial vacation or obstruction in an alley, as opposed to a street. However, in 18 Am. Jur. Eminent Domain, section 226, page 860 appears the following: "Cases involving the right to compensation for the closing or vacation of a portion of the alley, where the claimant's property does not abut on the part of the alley vacated, constitute a somewhat distinct class, *though turning largely on the same principles as cases of vacation of streets.*" (Emphasis supplied.)

Gayton relies strongly upon *Kaje v. Chicago, St. P. M. & O. Ry. Co.* (1894) 57 Minn. 422, 59 N.W. 493, wherein it was held that the owner of property abutting on a public alley which had been closed at one end did suffer special damage because, even though access to the property from the other end of the alley still remained, the alley was so narrow "that it did not permit of the turning in it of a vehicle drawn by beasts of burden," and thus the obstruction at one point in the alley rendered it "practically useless at all other points in the same block." Such a factual predicament was not pleaded in the instant case, and indeed the photograph attached to Gayton's brief clearly indicates that vehicles are able to enter this alley from the west and thereafter turn around and leave by the same route.

█ Summarizing, Gayton's complaint does not state a claim upon which relief can be granted because she does not, and under the circumstances indeed could not, plead any special damages. In 18 Am. Jur. Eminent Domain, sections 223 and 224, page 855 et seq. it is said:

"It has been held that the vacation of a highway or street is not an injury to abutting owners within the provision of the constitution requiring compensation . . But, the general rule is that persons *specially injured* by the vacation are entitled to recover such damages as they may sustain, even in the absence of a statute providing therefor . . . It may be stated as a general rule that one whose property does not abut on the closed section has no right to compensation for the closing or vacation of a street, if he still has reasonable access to the general system of streets . . . What constitutes special or peculiar damage for which the private owner may maintain an action is not always easy to determine. No general rule has been laid down which can be readily applied to every case. It is not enough that the vacation results merely in some inconvenience to his access, or compels a mere circuitous route of access . . ." (Emphasis supplied.)

█ Similarly, in *Gilbert v. Greeley S. L. & P. Ry. Co.* 13 Colo. 501, 22 Pac. 814 it was held that under Article II, section 15 of the Colorado Constitution, private property must be taken or damaged before a cause of action arises, and that the damage must be to the property or its appurtenances or it must affect some right or interest which the owner enjoys which is not shared nor enjoyed by the public generally, i.e., the damage must be different in kind, not merely in degree, from that suffered by the general public.

It is obvious that by the erection of this barricade at the east end of the alley Gayton has not been deprived of all access to her property, and that despite the barricade she still has reasonable access to the street system of Pueblo. Such being the case, she necessarily was unable

to plead any special damage and her complaint therefore does not state a claim upon which relief can be granted. Under these circumstances the trial court was correct in dismissing the action.

The judgment is affirmed.

MR. JUSTICE PRINGLE did not participate.