No. 23605.
ROBERT HAYUTIN *v.* COLORADO STATE DEPARTMENT OF HIGHWAYS.
(485 P.2d 896)

Decided June 7, 1971.    Rehearing denied June 28, 1971.

WALLACE & HAHN, DAVID J. HAHN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOSEPH M. MONTANO, Assistant, MARLIN D. OPPERMAN, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in Error (plaintiff below), Robert Hayutin, argues in this appeal that he is entitled to damages from the Colorado State Highway Department for the taking of certain property. The facts relevant to our disposition of this appeal are, briefly, as follows:

Hayutin became the owner of a parcel of land located in the northeast quadrant of the intersection of Havana

Street and Parker Road in Arapahoe County, Colorado, in 1956. Plaintiff's remote predecessor in title executed an agreement with the State of Colorado in 1955 about six months earlier conveying for right-of-way purposes a strip of land along the westerly portion of the property. The 1955 agreement also stipulated that access to plaintiff's property was to be provided through three forty-foot openings (or "curb cuts") in the conveyed right-of-way.

In 1955, prior to the date the plaintiff acquired the property, the state improved and widened Havana Street and Parker Road. This project, completed in 1956, involved the construction of raised medians in the middle of these streets. The median on Havana was not constructed directly in front of plaintiff's land, but north thereof. The median on Parker Road was constructed partially in front of plaintiff's property.

After the highway's improvement of 1955-1956, access into the property was possible by left turn movements for south bound and east bound traffic and by right turn movements for north and west bound traffic. Access out of the property could be accomplished by making right and left turn movements from the north curb cut and right turn movements only from the other two curb cuts.

In 1967, the Highway Department altered the intersection by extending the median strips and constructing islands to channelize all right turn movements at both the southwest and northeast quadrants. An island in the northeast quadrant was constructed on public right-of-way directly in front of and across from the north curb cut of plaintiff's property. A lane exclusively for right turn traffic movements was constructed between the plaintiff's property and the island. By such construction all left turns for south bound or east bound traffic were prohibited and north bound traffic likewise cannot make a right turn directly into the property. By circuitous routing toward the east traffic may return in a westerly direction and gain access off the right turn lane through

all three curb cuts. Exit from the property is by right turn only also from all three cuts.

■ ·Following trial to the court, judgment was entered denying plaintiff's claim for relief. The court held, *inter alia,* that:

"For the types of injury or damage of which plaintiff complains, that is, those caused by the inconvenience of a circuitous route and diversion of traffic, the Court concludes there can be no recovery as a matter of law and that the claim for damages as alleged in plaintiff's complaint is damnum absque injuria and as such is not compensable * * *."

We agree and therefore affirm the holding of the court below.

I.

■■ Plaintiff's first argument is that the intent of the agreement executed by his remote grantor, Near, and the state in 1955 was that the land acquired by the state would not be used to in any way limit or interfere with accessibility to the remainder of the property. We find this contention·to be without merit. In our opinion, the language of the agreement is clear: It calls for a transfer of a strip of land to the state for right of way purposes and provides for three 40-foot openings in the boundary line thereof. These openings, as the evidence revealed, were provided and they have not in any way been disturbed or interfered with. Plaintiff, we submit, is attempting to place upon the terms of the contract something which cannot be found from an analysis of the language within the four corners thereof. Where the contract is not ambiguous, and we believe that in this case it is not, it cannot be varied by parol evidence. *Thompson v. Sweet,* 91 Colo. 522, 19 P.2d 308 (1932). *See also Sentinel Acceptance Corporation v. Colgate,* 162 Colo. 64, 424 P.2d 380 (1967). While parol evidence may certainly be admitted to explain an agreement, *Von Riesen v. Greeley Finance Co.,* 142 Colo. 210, 350 P.2d 340 (1960), the explanation which the plaintiff seeks to

give here is entirely inconsistent with the language in the agreement. What plaintiff is attempting to do is not to explain, but to give the agreement an entirely different meaning.

II.

■ Plaintiff next alleges that the law imposes a duty upon the state, at the time it acquires property, to fully advise property owners of the nature of the taking of their property, and here there was sufficient evidence to establish estoppel and to establish actionable misrepresentation and concealment. The lower court held on this point that the plaintiff had failed to establish events giving rise to an estoppel and that the evidence presented was insufficient to support plaintiff's allegations of misrepresentation and concealment concerning the Highway Department's development plans as related to plaintiff's property. We agree.

The evidence is clear that there was no misrepresentation to anyone, not even to Mr. Near from whom the land was purchased. In 1955 and 1956, the project for which the land was acquired was to improve the intersection of Parker Road and Havana Street. There has been no allegation or statement that the Highway Department misrepresented anything to Mr. Near at that time. It is only when some 11 to 12 years later the intersection was again improved that allegations of misrepresentation are asserted.

Inasmuch as the Highway Department did not design the 1967 construction until early that year, it seems implausible to assert that the Highway Department deliberately misrepresented in 1955 that which the evidence establishes it did not know until 1967.

III.

■ Plaintiff's last argument is that the admitted acts of the state restricting ingress to and egress from his property constituted a taking or damaging of his property without just compensation within the meaning of Colo. Const. art. II, § 15, which provides: "Private prop-

erty shall not be taken or damaged, for public or private use, without just compensation. * * *" Recent pronouncements by this court in the cases of *Thornton v. City of Colorado Springs,* 173 Colo. 357, 478 P.2d 665 (1970); *Majestic Heights Co. v. Board of County Commissioners of Jefferson County,* 173 Colo. 178, 476 P.2d 745 (1970), all announced subsequent to the filing of briefs in the instant case, have enunciated the rule that mere circuity of route will not allow recovery for damage of property.

A situation factually similar to the case now before us was presented in *Thornton v. City of Colorado Springs, supra.* In *Thornton,* abutting landowners attempted to enjoin the construction of a solid median strip dividing the street, and thus restricting access to their property: "In the instant case, plaintiffs introduced evidence that would indicate that if the solid median strip were allowed to remain, persons wishing to reach the property in question would have to drive to openings or cuts in the strip at places past their land and not immediately adjacent to it. We have consistently held that: 'Mere circuity of route necessary for access [sic] or egress occasioned by a public improvement are not compensable items of damage.' *Troiano v. Colorado Department of Highways,* 170 Colo. 484, 473 P.2d 448 (1969)." *See also Majestic Heights v. Board of County Commissioners of Jefferson County, supra; Radinsky v. Denver,* 159 Colo. 134, 410 P.2d 644 (1966); *Gayton v. Department of Highways,* 149 Colo. 72, 367 P.2d 899 (1962).

The court below correctly held that the placement of the median strips and the construction of the traffic islands are within the police power of the state; that the access available to the property is still reasonable and has not been substantially impaired; and that reasonable access can be gained from the property into the general street system and from the general street system into the property. The resulting traffic pattern is only slightly different from that generally prevailing in the metro area where solid median strips and signs prohibiting left

turns abound to regulate traffic on main arterial highways such as Havana and Parker Road.

"Where, however, there is mere inconvenience resulting from a more circuitous route and from diversion of traffic, diminution of value is not compensable." *Thornton v. City of Colorado Springs, supra.* (Emphasis added.)

█ The inconvenience complained of by plaintiff is one which results from being forced to travel a longer distance in going to and from portions of the public highways to the property and of traffic being diverted past his property. This inconvenience is one which results from traveling a circuitous route and is the same type of inconvenience suffered by many members of the general public who have occasion to use Havana Street or Parker Road. This kind of inconvenience is merely different in degree, not in kind, from that sustained by the general public, and as such is not compensable.

"In order to be entitled to recover for any damage caused by this modification, Majestic must show that the damages to it are different in kind not merely in degree from the damages sustained by the general public; particularly here it must show that its right of access to and from the general street system was substantially impaired, not merely inconvenienced, by the modification." *Majestic Heights v. Board of County Commissioners, supra. See Troiano v. Department of Highways, supra; Radinsky v. City and County of Denver, supra; Gayton v. Department of Highways, supra; Denver Union Terminal Ry. v. Glodt,* 67 Colo. 115, 186 P. 904 (1919).

The judgment of the court below is affirmed in all respects.

MR. JUSTICE LEE not participating.