No. 23327.

ORVILLE B. SHAKLEE *v.* BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY, AND DEPARTMENT OF HIGHWAYS, STATE OF COLORADO.
(491 P.2d 1366)

Decided December 27, 1971.      Rehearing denied January 17, 1972.

560

Fuller and Evans, John M. Evans, for plaintiff in error.

Duke W. Dunbar, Attorney General, Joseph M. Montano, Chief Highway Counsel, Assistant Attorney General, Richard W. Phillips, Deputy, Assistant, George D. Dikeou, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

This writ of error arises out of a condemnation proceeding which was commenced on April 21, 1965, to acquire Orville B. Shaklee's access rights to State Highway No. 16. To simplify reference to the parties, we will refer to the Board of County Commissioners of Weld County and the Department of Highways of the State of Colorado, who are the condemnors, as the "petitioners." Orville B. Shaklee will be referred to as the "landowner."

The petitioners sought to condemn all of the landowner's access rights to State Highway No. 16 to permit the construction of the Greeley Bypass, which was to be a limited access freeway. Denial of access to the state highway was asserted to be in the interest of public safety and in an effort to provide an interstate freeway for the traveling public.

At the time the condemnation proceeding was instituted, the entire north boundary of the landowner's property abutted State Highway No. 16 for a distance of 1,014 feet. The property was used for farming, but expert testimony established that the property was zoned for estates and that the highest and best use of the property was for residential purposes. At all pertinent times, the landowner obtained access to State Highway No. 16 by use of a driveway which was located at the northwest corner of the property. Although it was possible to cross onto the highway at any point along the north boundary of the property, the landowner had not established or sought to put into use any other access point to his property or the improvements thereon.

While the condemnation action was pending in the district court, the petitioners concluded that a total denial of access was unnecessary. Accordingly, on May 10, 1965, the petitioners orally moved to amend the original petition so as to grant the landowner limited rights of access to the freeway. The court granted the petitioners' motion and allowed the condemnation petition to be amended to permit the landowner to have two fixed points of access to State Highway No. 16. Thereafter, on April 27, 1967, immediately prior to the commencement of the trial, the parties orally agreed to a second amendment to the condemnation petition. The second amendment granted the landowner two access points of his choosing on the north boundary of his property, provided that said points of access or ingress and egress remained at least 600 feet apart. Under the stipulation, the openings were to be 35 feet in width, so long as the property was used for farming purposes, and would increase to the width of the dedicated streets at the two points of entry when the property was devoted to subdivision use.

After the second amendment was permitted by the court, the petitioners moved for a ruling by the court that the limitations imposed on the landowner's right of access to his property were not compensable. The

petitioners' argument was premised on the theory that the limitation of access in the second amended condemnation petition was reasonable and constituted a proper exercise of the police power. The trial judge denied the motion and ruled that a property right was affected and that the right was compensable. Trial was then undertaken to a commission to ascertain the measure of damages. No damages were awarded, and the landowner brought this appeal. The appeal is predicated on the ground that there was a taking of property rights which entitled the landowner to compensation. The petitioners, by way of cross-error, contend that the amended petition did not constitute a taking and that the limitation of access was not compensable.

■ The record before us causes us to conclude that after the second amendment was made to the condemnation petition, there was no taking of property in this case which could be the subject of compensation. The limitation of access which occurred herein was permissible under the police power and did not constitute a taking of property that would require compensation under the Fifth Amendment to the United States Constitution or Article II, Section 15 of the Constitution of Colorado.

■■ The landowner would have us declare that he had access to State Highway No. 16 at every point on his north boundary and that any limitation of access requires compensation. The contention of the landowner is not supported by the great weight of authority. While access to a highway may not be unreasonably cut off without payment of compensation, an owner is not entitled, as against the public, to access to his land at every point on the property line adjacent to the highway. *State, ex rel. Department of Highways v. Linnecke*, 468 P.2d 8 (Nev. 1970); *State, State Highway Comm'r. v. Kendall*, 107 N.J.Super. 248, 258 A.2d 33 (1969); *State Highway Comm'n. v. Yarborough*, 6 N.C.App. 294, 170 S.E.2d 159 (1969); *People v. Murray*, 172 Cal.App.2d 219, 342 P.2d 485 (1959); *Iowa State Highway Comm'n. v. Smith*, 248

Iowa 869, 82 N.W.2d 755 (1957). If the landowner has free and convenient access to his property and the improvements on it and his means of egress and ingress are not substantially interfered with by the limitation of access, he has no cause for complaint. *State, ex rel. Department of Highways v. Linnecke, supra; City of Phoenix v. Wade,* 5 Ariz.App. 505 428 P.2d 450 (1967); *Breidert v. Southern Pac. Co.,* 61 Cal.2d 659, 39 Cal.Rptr. 903, 394 P.2d 719 (1964); *Iowa State Highway Comm'n. v. Smith, supra.*

█ The access rights in issue fall within the noncompensable class that we have described in the circuity of route cases. *Thornton v. City of Colorado Springs,* 173 Colo. 357, 478 P.2d 665 (1970); *Troiano v. Colorado Department of Highways,* 170 Colo. 484, 463 P.2d 448 (1969); *Radinsky v. Denver,* 159 Colo. 134, 410 P.2d 644 (1966); *Gayton v. Department of Highways,* 149 Colo. 72, 367 P.2d 899 (1962). In determining whether circuity of route could be the subject of compensation, we said, in *Troiano v. Colorado Department of Highways, supra:*
"Right of access is subject to reasonable control and limitation. So long as the landowner retains a reasonable means of access to and from his property partial loss of access is not compensable."

█ As a general rule, the trial judge must determine in the first instance whether a landowner's right of access has been subjected to unreasonable control or limitation. Whether there has been a compensable taking of access rights depends upon the nature and use of the property. A question of primary importance is whether the property is in fact a single economic unit or consists of separate economic units, each having particular access needs. Other factors to consider include the use of the property, the location of improvements thereon, its contiguity to the highway, the topography of the land, and all other pertinent characteristics of the property which may be relevant to its access needs.

█ The measure of damages for the exercise of un-

reasonable control and limitation over a landowner's right of access must be fixed as a matter of fact. *State, ex rel. Department of Highways v. Linnecke, supra; Thomsen v. State,* 170 N.W.2d 575 (Minn. 1969); *Balog v. State,* 177 Neb. 826, 131 N.W. 2d 402 (1964); *Breidert v. Southern Pac. Co., supra; State Highway Comm'n. v. Manry,* 143 Mont. 382, 390 P.2d 97 (1963).

▓ In Colorado, the procedure is governed by C.R.S. 1963, 50-1-1, which specifically provides that "all questions and issues except the amount of compensation, shall be determined by the court, unless all parties interested in the action stipulate and agree that the compensation may be so ascertained by the court." Pursuant to C.R.S. 1963, 50-1-1, the trial judge decided that the landowner's right of access had been subjected to unreasonable limitation. In effect, he concluded that the landowner's means of egress and ingress were substantially interfered with and that the landowner no longer had free and convenient access to his property. We find that the record does not support the trial court's conclusion. The stipulations which were entered into by the parties enabled the landowner to have greater rights of access to the property than he had used or was using at the time the action was commenced or at the time of trial. The continued use of the existing access point to State Highway No. 16 at the northwest corner of the property was unrestricted. In addition, the landowner was granted another access point of his choosing, so long as its location was at least 600 feet from his present point of access. He was also granted, subject to the 600-foot limitation, the right to change his points of access and to have the width of those points of ingress and egress enlarged to the width of any dedicated street, once the property was put to subdivision use.

Judgment affirmed.

· MR. CHIEF JUSTICE PRINGLE not participating.