**CITY OF CANON CITY, a Colorado municipal corporation, Plaintiff-Appellee,**

v.

**Sim CINGORANELLI, Defendant-Appellant.**

No. 85CA1484.

Colorado Court of Appeals, Div. I.

June 25, 1987.

Breyfogle and Mandel, Richard G. Mandel, Canon City, for plaintiff-appellee.

Larry Dean Allen, Canon City, for defendant-appellant.

KELLY, Judge.

This is a dispute over a strip of land approximately eight feet in width and 444

feet in length which Canon City claims by virtue of a common law acceptance and which Cingoranelli claims by adverse possession. The trial court ruled that the City acquired the property through common law acceptance of an improper dedication and that, therefore, Cingoranelli's claim of title to the property by adverse possession is barred by § 38–41–101(2), C.R.S. (1982 Repl. Vol. 16A). We affirm.

This case was tried on an agreed statement of facts. Among other things, it was agreed that there had been a statutory dedication but no statutory acceptance of a street within Canon City known as Harding Avenue. The disputed strip of land lies within the recorded right-of-way on a supplemental plat for Harding's Second Addition. The trial court found that, although the City did not use the entire right-of-way and did not use any portion of the disputed strip, it had assumed control and possession of all the property within the recorded right-of-way by having opened up, maintained, and improved a gravel street within the right-of-way. In reaching this conclusion, the trial court relied on *Thornton v.*

*Colorado Springs,* 173 Colo. 357, 478 P.2d 665 (1970). We agree with this conclusion.

In *Thornton,* it was held that acceptance of a dedication may be made according to common law principles as well as in the manner provided by statute. No particular form is required so long as there are acts, unequivocal in nature, showing that the City has assumed control and possession of the property.

Since the trial court correctly ruled that the City had accepted the dedication, it follows that the defendant had no adverse possession claim to the strip lying within the right-of-way under the provisions of § 38–41–101(2). That section of the statute explicitly excepts cities from the operation of the adverse possession statute.

Judgment affirmed.

PIERCE and METZGER, JJ., concur.